**PETROCHEM MARKETING INC., a Nevada Corporation, Plaintiff—Appellant,**

v.

**MT HAWLEY INSURANCE COMPANY, an Illinois Corporation, Defendant—Appellee.**

No. 03–56345.

D.C. No. CV–02–01536–IEG/JAH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided May 12, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

David A. Gauntlett, Gauntlett & Associ-
ates, Irvine, CA, for Plaintiff–Appellant.

Michael D. Prough, Wendy Woolpert,
Morison–Knox Holden Melendez &
Prough, LLP, Walnut Creek, CA, for De-
fendant–Appellee.

\* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts

Before PREGERSON, FISHER and
BYBEE, Circuit Judges.

## MEMORANDUM \*

Petrochem Marketing, Inc. ("Petro-
chem") appeals the district court's sum-
mary judgment in favor of Mt. Hawley
Insurance Company ("Mt.Hawley") on Pe-
trochem's claim that Mt. Hawley had a
duty to defend Petrochem against counter-
claims brought by a competitor, Advantage
Scaling Systems, Inc. ("Advantage"), in an
underlying patent infringement suit. We
affirm the judgment of the district court.

Mt. Hawley owed Petrochem a duty to
defend if Advantage alleged any facts giv-
ing rise to the potential for coverage under
the insurance agreement. *See Waller v.
Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 44
Cal.Rptr.2d 370, 900 P.2d 619, 627 (1995).
Even construing the "personal injury" cov-
erage provisions broadly and the agree-
ment's "Exclusion—Intellectual Property
Hazard" ("Exclusion") narrowly, Petro-
chem has not demonstrated that Advan-
tage alleged facts that could potentially
have given rise to coverage under this
policy. *See State Farm Mut. Auto. Ins.
Co. v. Partridge,* 10 Cal.3d 94, 109 Cal.
Rptr. 811, 514 P.2d 123, 128 (1973) (requir-
ing that courts construe insurance cover-
age provisions broadly and exclusions nar-
rowly).

Advantage did allege facts that
could be construed as a libel claim, but
only as trade libel, not ordinary libel or
defamation. *See, e.g., Atlantic Mutual
Ins. Co. v. J. Lamb, Inc.,* 100 Cal.App.4th
1017, 123 Cal.Rptr.2d 256, 269 (2002) (hold-
ing that allegations that Lamb misled Con-
tinental's customers and falsely stated that

of this circuit except as provided by Ninth
Circuit Rule 36–3.

Continental was infringing a patent owned by Lamb and that Lamb would pursue legal action against customers who used the product constituted "product disparagement and trade libel").[1] The Exclusion expressly precluded any duty to defend any claim arising out of "any common law or statutory claim ... in any way relating to or arising out of ... disparagement of a person's or organization's goods, products or services; unfair competition, [or] trade libel or slander."

■ Petrochem also contends that Advantage alleged facts suggesting an abuse of process claim, which would fall under the agreement's coverage for malicious prosecution. Advantage did not allege, however, that Petrochem "misuse[d] the *tools* the law affords litigants once they are in a lawsuit," but rather that Petrochem brought the patent infringement suit with ill intent. *Bidna v. Rosen,* 19 Cal.App.4th 27, 23 Cal.Rptr.2d 251, 260 (1993) (emphasis in original). "[T]he mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process claim." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma,* 42 Cal.3d 1157, 232 Cal. Rptr. 567, 728 P.2d 1202, 1209 (1987).

The parties agree that this matter turns only on interpretation of the agreement and is appropriately decided as a matter of law. Because Petrochem failed to demonstrate that the facts alleged by Advantage could give rise to even potential coverage under the policy, the district court did not err in granting summary judgment to Mt. Hawley.

The judgment is **AFFIRMED.**

---

1. *Barnett v. Fireman's Fund Ins. Co.,* 90 Cal. App.4th 500, 108 Cal.Rptr.2d 657 (2001) is distinguishable. There, disgruntled former employees, not a business competitor, alleged that Barnett used flawed business practices that would lead to the company's demise. *See id.* at 660.

